IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ANTONE LAMANDINGO KNOX,             )
                                    )
                 Plaintiff,         )
v.                                  )    Case No. CIV-11-1031-M
                                    )
DAVID ORMAN, *et al.*,              )
                                    )
                 Defendants.        )

**REPORT AND RECOMMENDATION**

On September 16, 2011, Plaintiff, a state prisoner appearing *pro se*, filed this civil rights action pursuant to 42 U.S.C. §1983 alleging violations of his constitutional rights. On September 26, 2011, the Court granted Plaintiff leave to proceed *in forma pauperis*. The matter has been referred for initial proceedings in accordance with 28 U.S.C. §636(b)(1)(B) and (C).

By Order dated October 31, 2011, Plaintiff was directed to complete the necessary service papers and furnish them to the Clerk of this Court within 15 days for processing and issuance. A review of the file reveals that Plaintiff has not complied with the Court's Order. The Court has received summonses and marshal forms from Plaintiff. However, in order for service to be effected, Plaintiff must also furnish to the Clerk copies of his Complaint and attached exhibits for each defendant to be served, as he has been advised to do.

On November 15, 2011, Plaintiff requested additional time to serve summons on the defendants. By Order dated November 22, 2011, Plaintiff was granted an additional 21 days to furnish to the Clerk the necessary copies of his Complaint with exhibits for each defendant to be served to complete the service paper requirements.

As of this date, Plaintiff has failed to comply with the Court's orders regarding service of process. Failure to obtain service on defendants within 120 days of the filing of his complaint can result in dismissal of this action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

More than 120 days have elapsed since Plaintiff filed his complaint, and, as of this date, Plaintiff has not submitted a complete set of service papers to the Court Clerk for issuance and service. Despite the Court's extension of time, Plaintiff has not complied with the Court's directives and has not requested a further extension of time to do so. Thus, Plaintiff's action is subject to dismissal pursuant to Fed.R.Civ.P. 4(m).

Prior to dismissing the action, the Court must make a preliminary inquiry as to whether Plaintiff has shown good cause for his failure to effect timely service so as to require a mandatory extension of time under Rule 4(m). *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). Plaintiff has not demonstrated any cause, much less good cause, for his failure to effect service within the required time. Therefore, a mandatory extension of time is not warranted.

Despite Plaintiff's failure to show good cause for a mandatory extension of time under Rule 4(m), the Court must further consider whether a permissive extension of time is warranted. *Id*. Consideration of the factors set forth in *Espinoza* demonstrates that any further permissive extension of time is not warranted. *Id*. at 842. There is no indication that Plaintiff has attempted to serve any of the defendants or that any defendants have sought to avoid service. Moreover, this case does not involve complex service requirements. Although

Plaintiff has been advised of the requirements of service, he has failed to comply with the Court's directives and has failed to show cause for his failure to effect timely service.

Even though Plaintiff is a *pro se* litigant, he is required to follow the same rules of procedure governing other litigants. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992), *cert. denied*, 507 U.S. 940 (1993). Plaintiff's failure to effect proper service within the time limits prescribed by Fed.R.Civ.P. 4(m) is grounds for dismissal in the absence of justification for the failure. *See Jones v. Frank*, 973 F.2d 872, 873-874 (10th Cir. 1992).

### **RECOMMENDATION**

It is recommended that this action be dismissed without prejudice based upon Plaintiff's failure to timely serve defendants with summons and complaint and failure to comply with the Court's orders regarding service of process.[1]

---

[1] Plaintiff also has three motions currently pending with the Court. The first is an Emergency Motion for Sanctions Under Rule 11 [Doc. #16] requesting sanctions against both the District Judge and Magistrate Judge assigned to this case. The second and third pending motions are requests for Writ of Mandamus Relief [Doc. ##20 and 21] directed against the magistrate judge and court clerk. The motions seeking mandamus relief were filed after the order was entered giving Plaintiff additional time to provide sufficient copies of the Complaint to permit service of process by the U.S. Marshal Service. *See* Order [Doc. #18]. The Court has reviewed the requests for mandamus relief to determine whether they should be construed as attempts to show good cause for noncompliance with the Court's Order. Neither of the requests appears to be an attempt to show cause for or excuse his noncompliance. No further recommendations are made with respect to these three pending motions due to the nature of the requests which could be construed as objections to prior orders entered in this case.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636 and Fed.R.Civ.P.72. Any such objections should be filed with the Clerk of the District Court by February __28th__, 2012. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral.

ENTERED this __7th__ day of February, 2012.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE